# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
   **Plaintiff,**

  v.               Case No. 01-CR-7

**RICHARD BECKWITH,**
   **Defendant.**

## ORDER

  Defendant Richard Beckwith has filed a document entitled "Demand for Hearing to Order Proof of Jurisdiction, Independent Motion." In the document, he challenges the court's jurisdiction over him, claiming that "he is not a 'citizen of the United States' under the so-called 14th Amendment." Rather, he is a "Common Law Citizen of the Sovereign Wisconsin Republic." He demands proof that the "Accused Common Law Citizen [DEFENDANT] has lost his status as a Common Law Citizen of the Wisconsin Republic" and is subject to the laws of the United States.

  I must first determine how to characterize this pleading. Generally, the court lacks authority to revisit a conviction and sentence long after its imposition. See United States v. Romandine, 206 F.3d 731, 735 (7th Cir. 2000). Section 2255 of Title 28 allows a prisoner to attack his sentence on the grounds that the court was without jurisdiction to impose it. However, defendant has previously filed such a motion. Beckwith v. United States, No. 02-C-369 (E.D. Wis. Apr. 8, 2003) (Order dismissing case). Under § 2255, prisoners are generally entitled to one round of collateral review, and any successive motions may be brought only with the permission of the court of appeals. 28 U.S.C. § 2255, ¶ 8. Defendant

has not obtained the Seventh Circuit's permission, which requires me to dismiss the instant motion for lack of jurisdiction. Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004); Curry v. United States, 307 F.3d 664, 665 (7th Cir. 2002).[1]

In the alternative, if I had jurisdiction, I would deny the motion. Petitioner presents no valid basis for attacking the court's jurisdiction. His claim that he is not the type of person to whom the laws of the United States apply is frivolous. See United States v. Raymond, 78 F. Supp. 2d 856, 880 (E.D. Wis. 1999); see also United States v. Wheeler, 435 U.S. 313, 317 (1978) (citing Moore v. Illinois, 14 How. 13, 19-20 (1852)).

**THEREFORE, IT IS ORDERED** the motion (Docket # 80) is dismissed for lack of jurisdiction. In the alternative, it is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] In the previous motion, defendant raised eight claims of ineffective assistance of counsel. I denied four of those claims under Rule 4, and a fifth after reviewing the government's response. I appointed counsel for petitioner in regards to the remaining three issues and scheduled the matter for a status conference. However, in the interim the government filed a sentence reduction motion under Fed. R. Crim. P. 35(b). I granted the Rule 35(b) motion and reduced petitioner's sentence from 174 months to 141 months. Petitioner then agreed to withdraw his remaining § 2255 claims and I accordingly dismissed that case. Because the § 2255 motion was withdrawn before a final decision on the merits, it could be argued that that motion should not count for purposes of § 2255 ¶ 8. However, the Seventh Circuit has stated that if a prisoner gets a collateral attack under way and then abandons it in the face of defeat, that proceeding counts because the prisoner had an opportunity for a decision. Johnson v. United States, 196 F.3d 802, 804 (7th Cir. 1999). Although the court acknowledged that the line may be difficult to draw, I believe in this case that the previous motion should count because I denied most of petitioner's claims on the merits, and he could have received a decision on the other three. In the event I am in error in this conclusion, I will also address the instant filing on the merits.